FRED B. OSBORN, Respondent, v. ARTHUR E. CLINE, Appellant.— Judgment affirmed, with costs. Per Curiam. The charge of the court, taken as a whole, was fair to the defendant. The jury was told that the burden rested upon the plaintiff to show by a fair preponderance of the evidence that defendant failed to exercise the degree of care incumbent upon a bailee for hire, and that if the jury accepted as true the testimony in defendant's behalf, they should find for defendant. Defendant testified that it was the duty of his employees, and he had instructed them, to watch out for the cars and their safety as far as the other duties of the employees permitted. Plaintiff's wife testified that on the occasion in question and on prior occasions she inquired of one of defendant's employees whether she ought to lock her car, and that the reply was that it was not necessary, that their men were working around there and would watch her car. These statements came within the scope of the apparent authority of the employees and the jury was warranted in finding a contract of bailment by defendant from the testimony mentioned and the attendant circumstances. The finding that the loss of the car was due to the failure of defendant to use reasonable care is not against the weight of the evidence, and the judgment should be affirmed, with costs. All concur, except Sears, P. J., who dissents and votes for reversal on the law and for granting a new trial, on the ground that error was committed by the trial justice in charging the jury as matter of law that the relation of bailor and bailee existed between the plaintiff and defendant in this case, as a consequence of which the jury was charged that the defendant owed the plaintiff an active duty of care unless the parties contracted otherwise. While the jury might have found upon the evidence that a bailment existed, the fact of bailment was not established as matter of law.

EDWIN S. BURROWS, Respondent, v. THOMAS MALE, Appellant.— Judgment affirmed, with costs. All concur.

BRINK'S EXPRESS COMPANY and Another, Appellants, v. MARIETTA BURNS, Respondent.— Judgment and order affirmed, with costs. · All concur.

JOSEPH PAWLOWSKI, Individually, and as Administrator, etc., of HENRY PAWLOWSKI, Deceased, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, and JENNY GUGGEMOS, Respondent.— Judgment affirmed, with costs. All concur.

JOSEPH PAWLOWSKI, Individually and as Administrator, etc., of HENRY SCHMELICH, Also Known as HENRY PAWLOWSKI, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and Another, Defendants, and JEAN M. GUGGEMOS, Also Known as JENNY GUGGEMOS, Respondent.— Judgment affirmed, with costs. All concur.

M & T TRUST COMPANY and Another, as Executors, etc., of CHRISTIAN C. BUSCAGLIA, Deceased, Respondents, v. THE ITALIAN MONTEMAGGIORESE REPUBLICAN CLUB, DI MUTUO SOCCORSO, IN BUFFALO, N. Y., Appellant.— Judgment and order affirmed, with costs. All concur.

FRANK M. WOLCOTT, Respondent, v. TEALL'S ICE CREAM COMPANY, INCORPORATED, Defendant, and HERBERT W. BRIGHAM, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted as to the first nine subjects mentioned in the affidavit of the defendant Brigham; the examination to be had before Eric P. Smith, Esq., at his office in the city of Rochester, on the 8th day of June, 1932, at ten A. M. All concur.